UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DANIEL LEE HUSTON,**

 **Plaintiff,**

-vs-                Case No.  8:16-cv-1214-T-27MAP

**SHERIFF CHRIS NOCCO, et. al.,**

 **Defendants.**
_____/

## ORDER

 Plaintiff, a pretrial detainee at Pasco County Jail in Land O' Lakes, Florida, proceeding *pro se*, filed a civil rights complaint (Dkt. 1).  The complaint names as defendants Chris Nocco, the Sheriff of Pasco County, and two unnamed deputies with the Pasco County Sheriff's Department.[1] Plaintiff alleges that on February 9, 2016, while at the Pasco County courthouse, he was required to wear handcuffs while defecating and wiping himself.  As relief, he requests the court direct the Sheriff to allow prisoners not to wear handcuffs while defecating, and not to wear a "black box" "while in super secure area[s]."

**Standard of Review**

 Because Plaintiff filed this action against governmental employees while incarcerated, the Court is required to screen his action under 28 U.S.C. § 1915A(b). Section 1915A provides that:

> "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if the complaint – is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is

---

[1] Plaintiff subsequently filed a notice indicating that the deputies' names are J. Thomas and SRO Ferguson (Dkt. 7).

immune from such relief."

28 U.S.C. § 1915A(a) and (b)(1) & (2). Section 1915A requires that prisoner complaints be screened in the same manner as under § 1915(e)(2)(B) where a governmental official has been sued regardless of whether the filing fee has been paid. *Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) (finding that § 1915A "applies to any suit by a prisoner against certain government officials or entities regardless of whether that prisoner is or is not proceeding IFP."), *cert. denied*, 527 U.S. 1041 (1999). The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii).").

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys"). A plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to plaintiff, support the conclusion that he may be able to establish that he is entitled to the relief he seeks under § 1983.

## Discussion

Although he does not set forth the cause of action or constitutional nature of his claim, the court construes Plaintiff's claims regarding the conditions of his confinement as a pretrial detainee as claims under the Due Process Clause of the Fourteenth Amendment. *See Bennett v. Chitwood*, 519 Fed. Appx. 569, 573 (11th Cir. 2013) (unpublished) ("The Eighth Amendment prohibits the

infliction of cruel and unusual punishment. U.S. Const. amend. VIII. The Eighth Amendment's prohibition on conditions of confinement that amount to cruel and unusual punishment also applies to pre-trial detainees through the Fourteenth Amendment's due process clause.") (citations omitted).

In *Bennett v. Chitwood*, the Eleventh Circuit stated:

> Prison officials must "provide humane conditions of confinement," including "adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S.Ct.1970, 1976-77, 128 L.E.2d 811 (1994). But it is a "prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate [that] violates the Eighth Amendment." *Id*. at 828, 114 S.Ct. at 1974. The deliberate-indifference test has two elements, consisting of an objective and a subjective component. *Id*. at 834, 114 S.Ct. at 1977.
>
> To satisfy the objective, "substantial risk of serious harm" component, a plaintiff "must show a deprivation that is, 'objectively, sufficiently serious,' which means that the defendants' actions resulted in the denial of the minimal civilized measure of life's necessities." *Cottrell v. Caldwell*, 85 F.3d 1480, 1491 (11th Cir. 1996). "The challenged condition must be 'extreme'": the prisoner must show that "society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). In evaluating an Eighth Amendment claim, we consider both the "severity" and the "duration" of the prisoner's exposure to extreme temperatures. *Id*. at 1295. Merely showing that prison conditions are uncomfortable is not enough. *Id*. at 1289.
>
> For the subjective component, the prison official must (1) have subjective knowledge of the risk of serious harm, and (2) nevertheless fail to respond reasonably to the risk. *Farmer*, 511 U.S. at 837, 114 S.Ct. at 1979. Subjective knowledge on the part of the prison official requires that the official was aware of the facts "from which the inference could be drawn that a substantial risk of serious harm exist[ed]," and that the official actually drew that inference. *Burnette v. Taylor*, 533 F.3d 1325, 1330 (11th Cir. 2008). A prison official must have a sufficiently culpable state of mind to be deliberately indifferent. *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003). "[T]he evidence must demonstrate that with knowledge of the infirm conditions, the official knowingly or recklessly declined to take actions that would have improved the conditions." *Thomas v. Bryant*, 614 F.3d 1288, 1312 (11th Cir. 2010) (alteration and quotation omitted). Mistakes and even negligence on the part of prison officials are not enough for a constitutional violation. *Crosby*, 379 F.3d at 1289.

*Id*., at 573-74.

3

Plaintiff has failed to allege an objective substantial risk of serious harm. Although it may have been more difficult for Plaintiff to wipe himself while wearing handcuffs, he does not allege that he was denied the use of a toilet each time he needed to use one. And Plaintiff alleges that as a result of having to wear handcuffs, he sustained only a "poopy butt" and a scrape that caused a hemorrhoid. Given that Plaintiff has alleged only one instance in which he was required to wear handcuffs while defecating, and that he sustained no more than *de minimis* "injury," Defendants' refusal to remove Plaintiff's handcuffs while he was defecating does not rise to the level of a Fourteenth Amendment violation. *See, e.g., Padgett v. Mosley*, 2007 U.S. Dist. LEXIS 61151, 2007 WL 2409464, at * 5-6 (M.D. Ala. Aug. 20, 2007) (no Eighth Amendment violation where prisoner was kept in chains and shackles in cell for more than 25 hours resulting in inmate defecating in bucket because inmate was suspected of swallowing contraband).

Even if Plaintiff's allegations were sufficient to constitute a substantial risk of serious harm, he has failed to allege facts satisfying the subjective component of the deliberate indifference test. Defendants responded reasonably by allowing Plaintiff to use the toilet on multiple occasions, and by removing the "black box" he was wearing.[2] Additionally, requiring Plaintiff to wear the handcuffs while he was at the courthouse was reasonable in light of the nature of the offense for which he was arrested (burglary), and his extensive criminal history, which includes a conviction for escape.[3] *See, e.g., Haslar v. Megerman*, 104 F.3d 178, 180 (8th Cir. 1997) (to prevent escape

---

[2] "[A] black box is a rectangular device measuring approximately four inches by three inches that fits over a pair of handcuffs in order to limit hand movements and prevent access to the handcuff's key holes." *Wean v. Budz*, 589 Fed. Appx. 488, 489 (11th Cir. 2014).

[3] The Court takes judicial notice of information available July 20, 2016, on the database maintained by the Florida Department of Corrections Offender Network, http://www.dc.state.fl.us, which indicates that Plaintiff's criminal history includes, among numerous other offenses, convictions for arson, grand theft motor vehicle, fraud, battery on a law enforcement officer, and escape. Fed.R.Evid. 201.

attempts "[i]t is eminently reasonable" to shackle pretrial detainees when they are outside the secure jail facility); *Jackson v. Cain*, 864 F.2d 1235, 1243 (5th Cir. 1989) ("the use of handcuffs or other restraining devices constituted a rational security measure and cannot be considered cruel and unusual punishment unless great discomfort is occasioned deliberately as punishment or mindlessly, with indifference to the prisoner's humanity.") (citation omitted). Therefore, Plaintiff has failed to state a claim for a Fourteenth Amendment violation.

Finally, Plaintiff has failed to allege facts indicating that use of the "black box" over his handcuffs amounts to cruel and unusual punishment. Additionally, the complaint contains no allegations that Plaintiff ever told Defendants that the "black box" causes him pain. Therefore, he has failed to allege facts satisfying the subjective component of the deliberate indifference test.

ACCORDINGLY, the complaint (Dkt. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted. The dismissal is without prejudice to Plaintiff filing a new complaint, in a new case, with a new case number. The **Clerk of Court** is directed to close this case.

**DONE and ORDERED** in Tampa, Florida, on July 22, 2016.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

SA: sfc
Copy to: *Pro Se* Plaintiff